IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JEWELL LEE THOMAS,        §
TDCJ No. 2350417,          §
                           §
        Petitioner,        §
                           §          No. 3:23-cv-1547-L-BN
V.                         §
                           §
DIRECTOR, TDCJ-CID,        §
                           §
        Respondent.        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Through a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254
raising a single ground – that the state court of appeals "overlooked or misconstrued
parts of the record" where it "found that the trial court did not abuse its discretion
when it rejected [his] impossibility defense," Dkt. No. 3 at 5 – Petitioner Jewell Lee
Thomas challenges two Dallas County convictions for driving while intoxicated
("DWI"). *See State v. Thomas*, Nos. Nos. F18-31413-T & F18-10610-T (283d Jud. Dist.
Ct., Dall. Cnty., Tex. May 27, 2021), *aff'd as modified*, Nos. 05-21-00471-CR & 05-21-
00472-CR, 2022 WL 3500007 (Tex. App. – Dallas Aug. 18, 2022, pet. ref'd).

United States District Judge Sam A. Lindsay referred Thomas's habeas
petition to the undersigned United States magistrate judge for pretrial management
under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and
recommendation that, under the circumstances here and for the reasons set out
below, the Court should dismiss this federal habeas challenge with prejudice under

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule 4").

## Discussion

Habeas Rule 4 allows a district court to summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'" (citation omitted)).

While the undersigned finds that there is no need for a response here, these findings, conclusions, and recommendation provide Thomas notice that this petition is subject to summary dismissal, and the opportunity to file objections (as further explained below) provides him the ability to explain why it should not be summarily dismissed.

Thomas exhausted the sole claim in the Section 2254 petition insofar as he raised it to the state court of appeals and then included it in his petition for discretionary review ("PDR"), refused by the Texas Court of Criminal Appeals (the "CCA"). *Compare Thomas*, 2022 WL 3500007, at *2-*3, *with Thomas v. State*, PD-0607-22 & PD-0608-22 (Tex. Crim. App. Feb. 8, 2023); *Thomas v. Dir., TDCJ-CID*,

No. 3:23-cv-468-X-BN (N.D. Tex.), Dkt. No. No. 19 at 61 (appendix to response containing excerpts from state court record, including the PDR).

In overruling the claim, the Dallas Court of Appeals explained:

> We review an order revoking community supervision to determine whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence. *Id.* at 763–64. In appellant's case, it is undisputed that he did not satisfactorily complete the SAFP program; he failed to satisfy that condition of his community supervision. And a finding of a single violation of community supervision is sufficient to support revocation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). But fairness requires that community supervision not be revoked if the defendant establishes that compliance with a condition was actually impossible. *See Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007) ("In particular, where, as in Texas, the factfinder, if it finds a violation of the conditions of probation, has discretion to continue the probation, the probationer 'is entitled [by due process] to an opportunity to show not only that he did not violate the conditions [of his probation], but also that there was a justifiable excuse for any violation or that revocation is not the appropriate disposition.'") (quoting *Black v. Romano*, 471 U.S. 606, 612 (1985)).
>
> Along with his own testimony, appellant relies on testimony from Mary Helen Morrow, M.D., the medical director at the East Texas Treatment Facility where the SAFPF was located. Dr. Morrow examined appellant once, and she confirmed the chronic pain diagnosis he had received before his arrest. She referred appellant to a pain management doctor and to a higher level medical unit within the TDC that could better meet his needs. But she did not conclude that appellant needed to leave the TDC system to be properly treated.
>
> Laurie Baker, a community supervision and corrections officer who interacted with appellant during his time in the SAFPF, testified for the State and reported that appellant was screened and adjudged capable of participating in the treatment program. She explained that appellant was assigned to the special needs SAPF program, which had the ability to treat both physical and mental health needs of those on community service. She testified that in her interactions with appellant he never mentioned any physical issue – including pain management or chronic pain – that was a barrier to his completing the SAFP. Instead, she recalled appellant's complaining only about the program's inability

- 3 -

to treat his psychiatric needs. Baker testified that appellant signed three separate Refusals of Program Treatment Services on consecutive days in October 2020. After this repeated refusal to participate in treatment, he was discharged from the program. Baker testified that appellant's discharge was classified as "administrative"; it was based on his refusal to participate, not on any inability to participate.

Throughout the hearing, witnesses made references to a possible referral of appellant to a TDC hospital in Galveston for pain management treatment. Due to pandemic restrictions in place at the time, any trip to Galveston would have to be followed by a period of quarantine and a re-start of the SAFP program. Appellant rejected this resolution of his complaint, purportedly because of the delay it would cause in completing the program. The State concedes that treatment at Galveston would not yield an ideal schedule, but it argues the existence of this option demonstrated that appellant could receive pain management treatment and continue to participate in the SAFPF program.

It was the trial court's role, as the fact finder in this case, to reconcile any conflicts in the evidence and to judge the witnesses' credibility. *See Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). Here, the only evidence that appellant was physically unable to complete the SAFP treatment program was his own testimony, which the trial court was free to reject, especially if appellant did not raise that complaint at the time of his discharge. Moreover, appellant has rejected a path that would provide him – within the TDC – the very treatment he desires, purportedly because it would require quarantine following treatment. The trial court could have viewed appellant's changing complaints and his rejection of alternative treatment as evidence that he simply did not want to participate in treatment for substance abuse. Indeed, at the hearing, appellant repeatedly rejected the premise that he needed such treatment, asserting that "I don't think I have an alcohol problem. I may have a drinking and driving problem, but I don't – I disagree that I have an alcohol problem."

We conclude that a preponderance of the evidence supports the trial court's rejection of appellant's impossibility justification. Accordingly, the trial court did not abuse its discretion when it revoked appellant's community supervision for failure to complete the SAFP program. We overrule appellant's second issue.

*Thomas*, 2022 WL 3500007, at *2-*3 (footnote omitted).

First, to the extent that Thomas merely raises a challenge premised on the court of appeals's finding that the trial court did not abuse its discretion, such a claim

is not cognizable under Section 2254.

> A writ of habeas corpus is not granted to correct every error committed by the trial court, as only errors of constitutional magnitude are cognizable by a federal habeas court. *See Mabry v. Johnson*, 467 U.S. 504, 507 (1984); *see also* 28 U.S.C. § 2254(a). To be actionable on federal habeas review, the trial court's errors must not have been merely an abuse of discretion, but so grave that they amounted to a denial of the constitutional right to substantive due process, i.e., that the errors made the trial fundamentally unfair. *See Lassiter v. Department of Social Servs.*, 452 U.S. 18, 24 (1981). The test for determining whether trial court error made a trial fundamentally unfair is whether there is a reasonable probability that the verdict would have been different had the trial been conducted properly.

*Thompson v. Johnson*, 7 F. Supp. 2d 848, 856 (S.D. Tex. 1998) (citations omitted); *see also Polk v. Davis*, No. 2:12-cv-22, 2017 WL 7194276, at *9 (N.D. Tex. Sept. 19, 2017) ("A federal habeas court asks only whether a federal constitutional violation infected the trial. Therefore, if a violation of state law or procedure is alleged and demonstrated, the proper inquiry on federal habeas review 'is to determine whether there has been a constitutional infraction of defendant's due process rights which would render the trial as a whole "fundamentally unfair."' Consequently, while a state law error in and of itself alone is not cognizable, it may constitute an independent basis for federal habeas relief if the error was so egregious or prejudicial as to amount to a federal constitutional violation, such as a denial of due process, resulting in proceedings that were 'fundamentally unfair.'" (citations omitted)), *rec. adopted*, 2018 WL 637401 (N.D. Tex. Jan. 30, 2018);

But, if Thomas's habeas challenge may be read as a claim that the state court denied his right to due process, such that the proceeding itself was fundamentally unfair, his conclusory support for this claim does not show a due process violation.

- 5 -

And, if Thomas instead challenges the state court's rejection of his impossibility defense as not supported by sufficient evidence, this claim should also be denied based on an examination of the Dallas Court of Appeals's reasoned opinion decision – set out above – under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

AEDPA "restricts the power of federal courts to grant writs of habeas corpus based on claims that were 'adjudicated on the merits' by a state court," *Shinn v. Kayer*, 592 U.S. 111, 112 (2020) (per curiam) (citation omitted).

And, "[w]hen a state court has applied clearly established federal law to reasonably determined facts in the process of adjudicating a claim on the merits, a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)); *see* 28 U.S.C. § 2254(d).[1]

> On federal habeas corpus review, the evidentiary sufficiency of a state court conviction is governed by the legal-sufficiency analysis set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), which reflects the federal constitutional due process standard. *See Woods v. Cockrell*, 307

---

[1] *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."); *Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)); *Hughes v. Vannoy*, 7 F.4th 380, 387 (5th Cir. 2021) ("'A merely incorrect state court decision is not sufficient to constitute an unreasonable application of federal law ....' Instead, the state court decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" (footnotes omitted)).

F.3d 353, 358 (5th Cir. 2002). This standard requires only that a reviewing court determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. In conducting that review, a federal habeas corpus court may not substitute its view of the evidence for that of the fact finder but must consider all the evidence in the light most favorable to the verdict. *See Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995).

*Pena v. Dir., Tex. Dep't of Crim. Justice*, No. 2:18-cv-172-M-BR, 2021 WL 4142683, at *9 (N.D. Tex. July 2, 2021) (citation modified), *rec. accepted*, 2021 WL 4133498 (N.D. Tex. Sept. 10, 2021).

In sum, "[r]elief under section 2254 on a claim of insufficient evidence is appropriate only if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Terry v. Hooper*, 85 F.4th 750, 754 (5th Cir. 2023) (cleaned up; quoting *Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005)). *Cf. Teague v. Stephens*, No. A-13-CA-444-SS, 2014 WL 5461414, a *7-*8 (W.D. Tex. Oct. 27, 2014) (assuming without deciding that a *Jackson* sufficiency claim based on the denial of an affirmative defense is cognizable on federal habeas review).

Examining the reasoned denial of any sufficiency claim under AEDPA deference, Thomas has not shown that its denial was unreasonable considering *Jackson*'s legal sufficiency standard – that is, he has not shown that the denial of this claim "was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" *Sanchez*, 936 F.3d at 305.

## Recommendation

The Court should summarily dismiss the application for a writ of habeas

corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 23, 2024

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE