IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JEWELL LEE THOMAS,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-1547-L-BN** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

# **ORDER**

On January 23, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 7) was entered, recommending that the court summarily dismiss with prejudice this section 2254 habeas action under Rule 4 of the Rules Governing Section 2254 Cases, based on the determination that it plainly appears from the face of the Petition that Petitioner is not entitled to relief on his habeas claim(s) or challenge(s) to the state court's decision.

On January 23, 2024, the court received a one-page document titled Petitioner's Motion for Memorandum and Recommendation (Doc. 8), in which Petitioner responds to the Report and asserts that "the above civil action stem[]s from a collateral attack on the intermediate court[']s ruling. Specifically, the Fifth District Court did not abuse its discretion when it rejected Petitioner's impossibility defense. In reaching this conclusion, the Court overlooked or misconstrued parts of the record." Doc. 8.

Even assuming that this document was intended to be an objection to the Report, the court, after having considered the Petitioner's Petition (Doc. 3), the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made,

determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  Accordingly, the court summarily **dismisses with prejudice** this habeas action for the reasons stated in the Report.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 5th day of March, 2024.

Sam A. Lindsay
United States District Judge

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a)    Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b)    Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**